**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 2012-02 |
| ) | |
| **KADEEM THOMAS,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ATTORNEYS:**

**Joycelyn Hewlett, Acting United States Attorney**
**David White, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States,*

**Kadeem Thomas**
    *Pro se.*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of Magistrate Judge Ruth Miller regarding the motion of Kadeem Thomas to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

On January 11, 2011, Merchants Commercial Bank in St. John, United States Virgin Islands (the "bank") was robbed. On January 19, 2012, a Grand Jury returned an indictment charging Kadeem Thomas ("Thomas"), Keven Fessale ("Fessale"), and Shevaun Browne ("Browne") with various crimes related to the robbery. The

Indictment consisted of four counts. Count I alleged Hobbs Act Conspiracy. Count II alleged Bank Robbery. Counts III and IV alleged Possession of a Firearm During the Commission of a Crime of Violence. Thomas was charged in Counts I, II, and IV.

A jury trial in this matter commenced on March 26, 2012. During the course of the trial, the government called James Crites ("Crites"), the president and CEO of Merchants Commercial Bank. Crites testified that the bank was insured by the Federal Deposit Insurance Company (the "FDIC").[1] During Crites's testimony, the government asked Crites to identify various exhibits, including a "certificate of insurance" from the FDIC. On March 28, 2012, the jury convicted Thomas, Fessale, and Browne on all counts.

On August 6, 2012, a sentencing hearing was held in this matter. The Court found that Thomas had brandished a firearm during the commission of the robbery. This finding resulted in an increased mandatory minimum sentence for Thomas's sentence on Count IV. The question of Thomas's brandishing of a firearm had not been presented to the jury. At the end of the hearing, Thomas was sentenced to a term of 60 months on Counts I and II. The sentences for Counts I and II were to run concurrently.

---

[1] One of the elements of bank robbery is that the bank be insured by the FDIC. *See* 18 U.S.C. § 2113(f).

Thomas was sentenced to a term of 84 months on Count IV. The sentence for Count IV was to run consecutive to the sentence for Counts I and II.

Thomas appealed. The Third Circuit affirmed Thomas's conviction in a May 24, 2013, opinion. Thomas did not file a petition for a writ of certiorari to the Supreme Court of the United States. Thomas's judgment became final on August 24, 2013.

On June 17, 2013, the Supreme Court of the United States decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. The Supreme Court held that brandishing of a firearm, as it related to a potentially increased mandatory minimum sentence, must be presented to the jury. *See id.* at 2163-64. The decision in *Alleyne* overturned the prior controlling precedent which had stated that judicial fact finding could permissibly result in an increased mandatory minimum sentence. *See id.* at 2155.

On May 15, 2014, Thomas filed a motion to Vacate under 28 U.S.C. § 2255 (the "Motion"). In the Motion, Thomas argues that his counsel rendered ineffective assistance of counsel because

Thomas's counsel failed to challenge Thomas's sentence by raising the Supreme Court's holding in *Alleyne*. Thomas further argues that his counsel provided ineffective assistance of counsel because Thomas's counsel failed to raise objections under the confrontation clause when Crites testified regarding the bank's FDIC insurance. On September 11, 2014, the Court referred Thomas's Motion to Vacate to Magistrate Judge Ruth Miller for a Report and Recommendation. On December 8, 2015, the Magistrate Judge submitted her Report and Recommendation. The Magistrate Judge recommends that the motion be denied. On December 28, 2015, Thomas filed a Response to the Report and Recommendation (the "Response"). In the Response, Thomas objects to the Magistrate Judge's Report and Recommendation.

On June 23, 2016, Thomas moved to supplement the Motion (the "Supplement"). In the Supplement, Thomas argues that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551, 2555, 2557-58 (2015), further compels the Court to vacate the sentence imposed against him for Possession of a Firearm During the Commission of a Crime of Violence.[2]

---

[2] The *Johnson* court held that defining a crime of violence as "conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Id*.

The Court will first address the Magistrate Judge's Report and Recommendation. The Court then will address Thomas's Supplement.

**A. The Report and Recommendation**

In the Report and Recommendation, the Magistrate Judge first addresses Thomas's argument involving *Alleyne*. The Magistrate Judge explains that the ineffective assistance of counsel is assessed according to the then current state of the law and an attorney is not required to foresee changes therein. The Magistrate Judge further explains that the Third Circuit had issued its judgment prior to the issuing of *Alleyne*. As such, for the entire period of time where Thomas's counsel represented Thomas, *Alleyne* was not the controlling precedent. Because Thomas's counsel could not raise an argument that did not yet exist, the Magistrate Judge concluded that Thomas's first argument supporting his allegation of ineffective assistance of counsel was without merit.

The Magistrate Judge then assesses Thomas's argumentthat counsel had failed to object to Crites's testimony regarding the bank's FDIC insurance. Thomas argues that his counsel should have objected to the testimony under the confrontation clause because of Crites's reliance on the government's exhibits. In the Report and Recommendation, the Magistrate Judge explains

that Thomas's recollection of the record was inaccurate. Crites did not rely on the government's exhibits in his testimony. Crites identified the exhibits. Crites testified from his personal knowledge that the bank was insured by the FDIC. Given Crites testified from personal knowledge and was available for cross examination, the Magistrate Judge determined that Thomas's rights under the confrontation clause were not violated.

Upon de novo review of the record, *see Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), the Court agrees with the Magistrate Judge. As such, the Court will adopt the Magistrate Judge's recommendation regarding Thomas's first two arguments.

**B. Thomas's challenge under *Johnson v. United States***

In the Supplement, Thomas argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015) compels the Court to vacate the portion of his sentence related to his conviction for Possession of a Firearm During the Commission of a Crime of Violence.

In *Johnson*, the Supreme Court held that defining a violent felony as a felony that "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555, 2557-58. The *Johnson* court's holding did "not call into question application of the . . . four enumerated offenses, or the

remainder of the . . . definition of a violent felony." *Id.* at 2563.

Section 924 of Title 18 provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The language the Supreme Court declared as unconstitutional in *Johnson* is similar, but not identical, to 18 U.S.C. § 924(c)(3)(B). Even assuming arguendo that *Johnson* renders 18 U.S.C. § 924(c)(3)(B) unconstitutional, Johnson does not compel the result Thomas seeks. Thomas was charged with and convicted of bank robbery under 18 U.S.C. § 2113(a),(d). Bank robbery has an element that requires proof beyond a reasonable doubt of the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C. § 2113(a)("Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control,

management, or possession of, any bank, credit union, or any savings and loan association"); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016)("These allegations in the indictment mimic the requirements of § 2113(a) and (d). The statutory elements that these allegations of the indictment repeat clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."). Even without 18 U.S.C. § 924(c)(3)(B)'s language, the mandatory minimum would still apply to Thomas as a result of his conviction for the crime of bank robbery. *Johnson* does not compel the Court to provide Thomas with the relief he seeks.

The premises considered, it is hereby

**ORDERED** that that the Report and Recommendation of the Magistrate Judge is **ADOPTED**; it is further

**ORDERED** that Thomas's Motion to Vacate is hereby **DENIED**; and it is further

**ORDERED** that Thomas's Motion to Supplement is **DENIED**.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**