```
                IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS AND ST. JOHN
```

**UNITED STATES OF AMERICA,**       )
                                    )
        Plaintiff,        )
                                    )   Crim. No. 12-02
                                    )
**v.**                              )
                                    )
**KADEEM THOMAS,**                  )
                                    )
        Defendant.        )
                                    )
_____  )

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**David White, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America,*

**George Hodge, Jr., Esq.**
St. Thomas, VI
    *For Kadeem Thomas.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Kadeem Thomas for reconsideration of the Court's order denying his 28 U.S.C. § 2255 motion.

I. **Factual and Procedural History**

On January 11, 2011, Merchants Commercial Bank in St. John, United States Virgin Islands (the "bank") was robbed. On January 19, 2012, a Grand Jury returned an indictment charging Kadeem Thomas ("Thomas"), Keven Fessale ("Fessale"), and Shevaun Browne ("Browne") with various crimes related to the robbery. The Indictment consisted of four counts. Count I alleged Hobbs Act Conspiracy. Count II alleged federal Bank Robbery. Counts III and IV alleged Possession of a Firearm During the Commission of a Crime of Violence. Thomas was charged in Counts I, II, and IV.

A jury trial in this matter commenced on March 26, 2012. During the course of the trial, the government called James Crites ("Crites"), the president and CEO of Merchants Commercial Bank. Crites testified that the bank was insured by the Federal Deposit Insurance Company (the "FDIC").[1] During Crites's testimony, the government asked Crites to identify various exhibits, including a "certificate of insurance" from the FDIC. On March 28, 2012, the jury convicted Thomas, Fessale, and Browne on all counts.

On August 6, 2012, a sentencing hearing was held in this matter. The Court found that Thomas had brandished a firearm

---

[1] One of the elements of bank robbery is that the bank be insured by the FDIC. See 18 U.S.C. § 2113(f).

during the commission of the robbery. This finding resulted in an increased mandatory minimum sentence for Thomas's sentence on Count IV. The question of Thomas's brandishing of a firearm had not been presented to the jury. At the end of the hearing, Thomas was sentenced to a term of 60 months on Counts I and II. The sentences for Counts I and II were to run concurrently. Thomas was sentenced to a term of 84 months on Count IV. The sentence for Count IV was to run consecutive to the sentence for Counts I and II.

Thomas appealed. The Third Circuit affirmed Thomas's conviction in a May 24, 2013, opinion. Thomas did not file a petition for rehearing with the Third Circuit or a petition for a writ of certiorari to the Supreme Court of the United States. Thomas's judgment became final on August 24, 2013.

On June 17, 2013, the Supreme Court of the United States decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. The Supreme Court held that whether a defendant brandished a firearm--as it relates to a potentially increased mandatory minimum sentence--was an issue that must be presented to the jury. *See id*. at 2163-64. The decision in *Alleyne*

overturned the prior controlling precedent which had provided that judicial fact finding could permissibly result in an increased mandatory minimum sentence. *See id.* at 2155.

On May 15, 2014, Thomas filed a motion to Vacate under 28 U.S.C. § 2255 (the "Section 2255 Motion"). In that motion, Thomas argued that his counsel rendered ineffective assistance of counsel because Thomas's counsel failed to challenge Thomas's sentence by raising the Supreme Court's holding in *Alleyne*. Thomas further argued that his counsel provided ineffective assistance of counsel because Thomas's counsel failed to raise objections under the confrontation clause when Crites testified regarding the bank's FDIC insurance. On September 11, 2014, the Court referred Thomas's Motion to Vacate to Magistrate Judge Ruth Miller for a Report and Recommendation.

On December 8, 2015, the Magistrate Judge submitted her Report and Recommendation. The Magistrate Judge recommended that the Section 2255 Motion be denied. On December 28, 2015, Thomas filed a Response to the Report and Recommendation (the "Response"). In the Response, Thomas objected to the Magistrate Judge's Report and Recommendation.

On June 23, 2016, Thomas moved to supplement the Section 2255 Motion (the "First Motion to Supplement"). In that motion, Thomas argued that the Supreme Court's holding in *Johnson v.*

*United States*, 135 S. Ct. 2551, 2555, 2557-58 (2015), further compelled the Court to vacate the sentence imposed against him for Possession of a Firearm During the Commission of a Crime of Violence.[2]

On August 8, 2016, Thomas filed a "Motion to Supplement the Record Under Fed. R. Civ. P. Rule 15" (the "Second Motion to Supplement"). In that motion, Thomas asserted that the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 195 L. Ed. 2d 604 (2016), compelled the Court to vacate the sentence imposed against him for Possession of a Firearm During the Commission of a Crime of Violence because federal bank robbery is not categorically a crime of violence.

On August 31, 2017, the Court adopted the Magistrate Judge's Report and Recommendation, denied the First Motion to Supplement, and denied Thomas's Section 2255 Motion.

On September 18, 2017, Thomas placed a motion for reconsideration in the prison mail (the "Motion for Reconsideration"). That motion seeks reconsideration of the Court's August 31, 2017, order denying his Section 2255 Motion.

---

[2] The *Johnson* court held that defining a crime of violence as "conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. Id.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
>
> 2. availability of new evidence, or;
>
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT & T of the V.I.,* 312 F.Supp.2d 731, 733 (D.Vi.2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

### III.  <u>ANALYSIS</u>

Here, Thomas deposited his motion for reconsideration into the prison mail system on September 18, 2018, eighteen days after the Court entered its order and has not provided any argument or evidence that an extension is warranted.[3] As such, his motion is untimely and may be denied on that basis. *See* LRCi 7.3.

Regardless, even if the Court reaches the merits of Thomas's motion, Thomas is not entitled to the relief that he seeks. Thomas argues that reconsideration is warranted because the Court misunderstood his contentions in his Section 2255 Motion. Specifically, Thomas clarifies that he was not arguing that his counsel was ineffective because he failed to anticipate the Supreme Court's decision in *Alleyne*. Instead, he was contending that his counsel was ineffective because: (1) the time limit for filing a petition for a writ of certiorari from the Third Circuit's decision had not expired when the Supreme Court decided *Alleyne*; and (2) his counsel failed to secure his rights after *Alleyne* was decided.[4]

---

[3] The "prison mailbox rule" provides that with respect to pro-se prisoners, "the date of filing occurs when a prisoner transmits documents to prison authorities for mailing." *See Spencer v. Beard*, 351 F. App'x 589, 590 (3d Cir. 2009).

[4] An *Alleyne* violation may only be raised on direct appeal, not collateral review. *See United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) ("[W]hile *Alleyne* set out a new rule of law, it is not retroactively applicable to cases on collateral review . . . ."). Thus, Thomas's only

The Third Circuit affirmed Thomas's conviction on May 24, 2013. On June 17, 2013, the Supreme Court decided *Alleyne*. Thus, after *Alleyne,* Thomas's only legal options on direct appeal were to file a petition for rehearing before the Third Circuit or to seek review in the Supreme Court.

Significantly, a criminal defendant only has a constitutional right to counsel with respect to his first appeal as of right. *See Ross v. Moffitt*, 417 U.S. 600, 602-619, 94 S. Ct. 2437, 2440-48, 41 L. Ed. 2d 341 (U.S. 1974). Thus, "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in th[e] . . . [Supreme Court]." *Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S. Ct. 1300, 1301, 71 L. Ed. 2d 475 (1982). Because no constitutional right to counsel exists, the Supreme Court has held that no claim for ineffective assistance of counsel lies with respect to such filings. *See id*. Similarly, there is no constitutional right to assistance of counsel with respect to a discretionary motion for rehearing, and as such, no claim for ineffective assistance of counsel lies with respect to those filings. *See Jackson v. Johnson*, 217 F.3d 360, 365 (5th Cir. 2000) ("We conclude that a criminal defendant

---

potential avenue for relief on this issue is an ineffective assistance of counsel claim.

has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal. We therefore affirm the district court's denial of Jackson's application for a writ of habeas corpus."); *Lucien v. Welborn*, 1995 WL 2948, at *4 (7th Cir. 1995) (holding that defendant had no constitutional right to counsel with respect to petition for re-hearing on appeal as of right); *McNeal v. United States*, 1995 WL 290233, at **1-2 (6th Cir. 1995).

Here, Thomas contends that his counsel was ineffective because counsel failed to assist him after *Alleyne* was decided. At that time, however, Thomas's appeal as of right had been resolved. Moreover, the Third Circuit's authority to grant a petition for panel rehearing or rehearing en banc is discretionary. *See* Fed. R. App. P. 35 (rehearing en banc); 3d Cir. I.O.P. 8.1, 8.3 (panel rehearing). The same is true of the Supreme Court's authority to grant a petition for certiorari. *See Wainwright*, 455 U.S. at 587-88, 102 S. Ct. 1300, 1301 (certiorari). Thus, because Thomas had no constitutional right to counsel with respect to any further proceedings--regardless of whether those proceedings involved a petition for rehearing or a petition for a writ of certiorari--he has no claim for ineffective assistance of counsel on that basis.

Accordingly, Thomas's motion for reconsideration lacks merit.[5]

The premises considered; it is hereby

**ORDERED** that the motion for reconsideration is **DENIED**.

S\_____

**Curtis V. Gómez
District Judge**

---

[5] The Court also notes that it did not previously expressly address Thomas's Second Motion to Supplement in its order denying Thomas's Section 2255 motion. Nevertheless, the Court considered the authority raised in that motion before it entered its order and determined that that authority did not alter the Court's analysis. Federal bank robbery constitutes a crime of violence. *United States v. Milan*, No. CV 17-1943, 2017 WL 5053959, at *1 (3d Cir. Aug. 10, 2017) ("Appellant's plea of guilty for violating 18 U.S.C. § 924(c) in connection with a related federal bank robbery, however, establishes that the bank robbery qualifies as a 'crime of violence' under the elements clause of § 924(c). Jurists of reason would not debate that conclusion.") (internal citations omitted).