DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cr-0002 |
| ) | |
| KADEEM THOMAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is the motion of Kadeem Thomas for compassionate release. (ECF No. 185). For the reasons stated below, the Court will deny the motion without prejudice.

**I. BACKGROUND**

On January 19, 2012, a federal grand jury in the U.S. Virgin Islands returned a four-count indictment charging Kadeem Thomas ("Thomas") and several codefendants with various offenses related a bank robbery. Thomas was charged with three of the four counts--Count One, Count Two, and Count Four.

On March 26, 2012, a jury trial commenced in this matter. On March 28, 2012, a jury found Thomas guilty on Count One, Count Two, and Count Four of the indictment.

On August 7, 2012, the Court sentenced Thomas to a term of imprisonment of 60 months on Counts One and Two, to be served concurrently; a term of imprisonment of 84 months on Count Four, to be served consecutive to the terms imposed on Counts One and Two; five years supervised release on Count Two; and three years supervised release on Counts One and Four, all three terms of supervised release to be served concurrently.

On April 29, 2020, Thomas filed a motion for compassionate release. (ECF No. 185). In his motion, Thomas asserts that the COVID-19 pandemic presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A). The United States has not filed a response to Thomas's motion.

## II. DISCUSSION

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Thomas asserts in his motion that, "[f]ollowing lockdown [of the Federal Correctional Complex at Yazoo City, Mississippi], Defendant submitted a request to Warden

*United States v. Thomas*
Case No. 3:12-cr-0002
Order
Page 3 of 3

Reiser, formally asking him to petition the court for a reduction in sentence or compassionate release." *See* Mot. to Reduce of Modify Sentence at 1, ECF No. 185. Further, Thomas asserts that "as of this date, Reiser has not issued a response to Defendant's request." *Id.* at 2. Significantly, Thomas does not indicate the date on which his request to the Warden was made. As such, the Court is unable to determine whether BOP has had the requisite 30 days to consider Thomas's request. Given these circumstances, the Court will deny the motion due to Thomas's failure to exhaust his administrative remedies.

The premises considered, it is hereby

**ORDERED** that Kadeem Thomas's motion for compassionate release, ECF No. 185, is **DENIED** without prejudice.

**Dated:** May 27, 2020                         s/      *Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **District Judge**