DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:12-cr-0002 |
| ) | |
| **KADEEM THOMAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

**MOLLOY, J.**

**BEFORE THE COURT** is the renewed motion of Kadeem Thomas ("Thomas") for compassionate release, filed on Jul 24, 2020. (ECF No. 189.) For the reasons stated below, the Court will deny the renewed motion.

### I. BACKGROUND

On January 19, 2012, a federal grand jury in the U.S. Virgin Islands returned a four-count indictment charging Thomas and several codefendants with various offenses related a bank robbery. Thomas was charged with three of the four counts—Count One, Count Two, and Count Four. Count One charged Thomas with a Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a). Count Two charged Thomas with bank robbery in violation of 18 U.S.C. §§ 2113(a),(d) and 2. Count Four charged Thomas with possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). On March 28, 2012, a jury found Thomas guilty on each of those counts.

On August 7, 2012, the Court sentenced Thomas to a term of imprisonment of 60 months each on Counts One and Two, to be served concurrently; a term of imprisonment of

*United States v. Thomas*
Case No. 3:12-cr-0012
Memorandum Opinion
Page 2 of 5

84 months on Count Four, to be served consecutive to the terms imposed on Counts One and Two; five years supervised release on Count Two; and three years supervised release on Counts One and Four, all three terms of supervised release to be served concurrently.

On April 29, 2020, Thomas filed a motion for compassionate release. (ECF No. 185.) In his motion, Thomas asserted that the generalized threat to prison populations presented by the COVID-19 pandemic presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A). Significantly, Thomas did not assert in his motion when he had made a request to the Bureau of Prisons ("BOP") to move for compassionate release on his behalf. As such, on May 27, 2020, the Court denied Thomas' motion without prejudice for his failure to satisfy the exhaustion requirements of Section 3582(c)(1)(A). (ECF No. 187.)

Thereafter, on July 24, 2020, Thomas filed the instant motion, renewing his request for compassionate release. (ECF No. 189.) Thomas asserts that he made a request to the warden of the low security federal correctional institution in Yazoo City, Mississippi, ("Yazoo City Low") to move the Court for compassionate relief on Thomas' behalf on April 15, 2020. Thomas further asserts that he has not received a response to his request to date. Beyond the generalized threat of the COVID-19 pandemic and its presence in Yazoo City Low,[1] Thomas does not assert that any additional extraordinary and compelling reasons

---

[1] As of the date of this order, the Bureau of Prisons website reports that there are 0 confirmed currently active cases of COVID-19 among inmates and 5 confirmed currently active cases among staff at Yazoo City Low. *See COVID-19 Cases: Full breakdown and additional details*, https://www.bop.gov/coronavirus/ (last visited September 15, 2020). Further, 94 inmates and 9 staff have recovered while 3 inmates have died. *Id.* Yazoo City Low has a total population of 1693 inmates. *See FCI Yazoo City Low,* https://www.bop.gov/locations/institutions/yaz/ (last visited September 15, 2020).

warranting a reduction in sentence exist. On August 7, 2020, the United States filed an opposition to Thomas' motion. (ECF No. 191.) Thomas filed a reply thereto on August 31, 2020. (ECF No. 192.)

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582, a sentencing court has the authority to modify a sentence imposed under certain conditions. Section 3582 provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582(c)(1)(A), either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.* Once a defendant has met Section 3582(c)(1)(A)'s exhaustion requirement, "a district court 'may reduce [a federal inmate's]

term of imprisonment' and 'impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "But before granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *Id.* "Those factors include, among other things, 'the history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct.'" *Id.* at 330 (citations omitted).

In addition, the United States Sentencing Commission has issued a policy statement addressing the reduction of sentences pursuant to Section 3582(c)(1)(A). That statement provides that a court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The defendant has the burden to show he is entitled to a sentence reduction pursuant to Section 3582(c)(1). *Cf. United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

Here, Thomas asserts that he made a request to the warden at his facility on April 15, 2020. Given this, it is clear that the 30-day exhaustion period has expired. As such, the Court has the authority to consider the merits of Thomas' motion.

With respect to the merits, Thomas does not argue that any other extraordinary or compelling reasons beyond the existence of COVID-19, and its presence in the facility where he is incarcerated, warrant a reduction in his sentence. Significantly, the Third Circuit has explained that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597. As such, the Court finds that Thomas has not demonstrated any extraordinary or compelling reasons to reduce his sentence. Moreover, even if the Court were to find that Thomas had demonstrated extraordinary and compelling reasons to reduce his sentence, Thomas has not addressed (1) whether he is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) or (2) whether a reduction in his sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a). As such, the Court concludes that Thomas has failed to show that he is entitled to a sentence reduction.

### III. CONCLUSION

For the reasons stated above, the Court will deny Thomas' motion for compassionate release. An appropriate Order follows.

**Dated:** September 15, 2020               /s/ *Robert A. Molloy*
                                                                                                    **ROBERT A. MOLLOY**
                                                                                                    **District Judge**